**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000789
16-MAR-2020
11:14 AM**

NO. CAAP-19-0000789

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAII, Plaintiff-Appellee, v.
LUKE J. WARNER, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(1PC121001161)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Upon review of this appeal filed by Defendant-Appellant Luke J. Warner (Warner), self-represented, from the Honorable Karen S.S. Ahn's June 17, 2016 judgment of conviction in circuit court criminal case number 1PC121001161, it appears that we lack appellate jurisdiction because Warner's notice of appeal in CAAP-19-0000789, which he apparently tendered to prison officials for mailing no earlier than September 16, 2019, is untimely under Rule 4(b)(1) of the Hawai'i Rules of Appellate Procedure (HRAP) by more than three years.

Warner pleaded guilty to the following fourteen counts in circuit court criminal case number 1PC121001161:

(1) attempted theft in the second degree in violation of Hawaii Revised Statutes (HRS) § 708-831 (Supp. 2012) and HRS § 705-500 (1993);

(2) attempted theft in the second degree in violation of HRS § 708-831 (Supp. 2012) and HRS § 705-500 (1993);

(3) methamphetamine trafficking in the second degree in violation of HRS § 712-1240.8 (Supp. 2012);

(4) attempted theft in the second degree in violation of HRS § 708-831 (Supp. 2012) and HRS § 705-500 (1993);

(5) attempted theft in the second degree in violation of HRS § 708-831 (Supp. 2012) and HRS § 705-500 (1993);

(6) methamphetamine trafficking in the second degree in violation of HRS § 712-1240.8 (Supp. 2012);

(7) attempted theft in the first degree in violation of HRS § 708-830.5 (Supp. 2012) and HRS § 705-500 (1993);

(8) attempted ownership or possession of any prohibit firearm or ammunition by a person convicted of certain crimes in violation of HRS § 134-7(b) (2011) and HRS § 705-500 (1993);

(9) attempted keeping a pistol or revolver in an illegal place in violation of HRS § 134-25 (2011) and HRS § 705-500 (1993);

(10) methamphetamine trafficking in the second degree in violation of HRS § 712-1240.8 (Supp. 2012);

(11) promoting a harmful drug in the third degree in violation of HRS § 712-1246 (1993);

(12) promoting a dangerous drug in the third degree in violation of HRS § 712-1243 (Supp. 2012);

(13) unlawful use of drug paraphernalia in violation of HRS § 329-43.5 (2010); and

(14) attempted theft in the third degree in violation of HRS § 708-832 (Supp. 2012) and HRS § 705-500 (1993).

Consequently, the circuit court entered a June 17, 2016 judgment of conviction and sentence against Warner, which was immediately appealable pursuant to HRS § 641-11 (2016). HRAP Rule 4(b)(1)

2

requires that, "[i]n a criminal case, the notice of appeal shall be filed within 30 days after entry of the judgment or order appealed from." The issue whether an appellant "compli[ed] with the requirement of the timely filing of a notice of appeal, as set forth in HRAP Rule 4(b)(1), is jurisdictional." State v. Bohannon, 102 Hawai'i 228, 234, 74 P.3d 980, 986 (2003) (citations, internal quotation marks, and original brackets omitted). Because Warner is currently a self-represented prisoner in this appeal, we utilize Warner's date of signature in his notice of appeal, September 16, 2019, as the earliest possible date on which Warner might have tendered his notice of appeal to prison officials for mailing. Cf. Setala v. J.C. Penney Company, 97 Hawai'i 484, 485, 40 P.3d 886, 887 (2002) (deeming the effective date of a pro se prisoner's notice of appeal to be the day on which he tendered it to prison officials). Even assuming that the effective date of Warner's notice of appeal is September 16, 2019, Warner's notice of appeal is untimely under HRAP Rule 4(b)(1) by more than three years.

Therefore, IT IS HEREBY ORDERED as follows:

1. Appellate court case number CAAP-19-0000789 is dismissed for lack of appellate jurisdiction.

2. All motions in appellate court case number CAAP-19-0000789 are dismissed as moot.

3. This order is without prejudice to Warner filing a petition pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure in the circuit court.

DATED: Honolulu, Hawai'i, March 16, 2020.

Chief Judge

Associate Judge

Associate Judge

3